## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

IN RE: HEATHER HILLS
AMENITIES, LLC

DAVID HARPER, *et al.*,

      Appellants,

v.                                     Case No: 8:21-cv-1057-CEH

HEATHER HILLS AMENITIES, LLC
and LAKESHORE MANAGEMENT,
INC.,

      Appellees.

_____

## OPINION AND ORDER

This cause is before the Court on appeal from the United States Bankruptcy Court for the Middle District of Florida. Appellants, David Harper, Dennis Cox, Suzanne Cox, Eugene Darrell, John Blanchard, Letterina Franz, Dennis Todd, Josefina Todd, James Michels, and Crystal Woods ("Lot Owners"), are parcel owners in the Heather Hills subdivision and are parties of interest in the bankruptcy estate of Debtor, Heather Hills Estates, LLC ("Debtor"). Debtor was the owner of what was referred to as the "Amenities Property," which consisted of a clubhouse, shuffleboard courts, and certain other property in the Heather Hills subdivision. In the context of Debtor's Chapter 11 bankruptcy proceeding, the Lot Owners seek review of the Bankruptcy Court's Order (Doc. 2-2) and Amended Order (Doc. 2-3) Granting Motion to Dismiss the Lot Owners' Complaint filed against Heather Hills Amenities, LLC

("Heather Hills Amenities") and Lakeshore Management, Inc. ("Lakeshore Management") (Docs. 2-2 and 2-3 are collectively referred to as the "Dismissal Order").[1] The appeal is fully briefed, *see* (Docs. 9, 12, 15), and oral argument was held February 2, 2022. For the reasons that follow, the Court will affirm the Bankruptcy Court's Dismissal Order.

## I.    BACKGROUND

### A.    The Bankruptcy Case

On November 4, 2016, Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code" or the "Code") in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, and was assigned Case No. 8:16-bk-9521-CPM. Docs. 9 at 14, 12 at 12. The Debtor operated its business and managed its affairs as a debtor and debtor in possession, pursuant to Code Sections 1107 and 1108 until confirmation.

On January 18, 2018, Debtor filed its modified plan of reorganization (the "Plan").[2] Doc. 2-7. Debtor was the owner of the "Amenities Property," which included a clubhouse, shuffleboard courts, and certain other property in the Heather Hills subdivision. Doc. 2-7 at 5; Doc. 2-16 at 13–14. Under the Plan, Debtor was to sell the Amenities Property to an entity called HHEA, LLC and use the proceeds to make payments to its creditors. Doc. 2-7 at 10. Although the Lot Owners were listed

---

[1] A party may appeal, as of right, to the district court from final "judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a)(1). The parties agree that the Dismissal Order is a final, appealable order.

[2] Debtor initially filed its Reorganization Plan on March 20, 2017. Doc. 9 at 14.

on the "Schedule of Creditors" of the bankruptcy case, no amount was claimed to be owed by the Debtor to the Lot Owners. Doc. 9 at 14.

The aspect of the Plan at issue in this appeal is the process for reviving certain covenants burdening the lots in Heather Hills Estates subdivision. The Plan referred to the initial covenants as the "Old Restrictions" and the revived covenants as the "New Restrictions." *Id.* at 4–5; *see also id.* at 17–21 (Exhibit A to the Plan, which is entitled "Amended and Restated Declaration of Covenants and Restrictions for Heather Hills Estates"). The Plan provided that, pursuant to Part III of Chapter 720 of the Florida Statutes,[3] the Heather Hills Estates subdivision lot owners would vote to decide whether to enact the New Restrictions. Doc. 2-7 at 7.

Under the Plan, there were seven Heather Hills Estates subdivision parcels that were excluded from application of the New Restrictions; they were referenced as "the Excluded Lots" and their owners were identified as "the Excluded Lot Owners." Doc. 2-7 at 3–4, 11–12. The Debtor decided that, due to state court litigation between the Debtor and the Excluded Lot Owners, the Excluded Lot Owners would not be subject to the New Restrictions regardless of the outcome of the vote, and thus they were not eligible to vote on the New Restrictions. *Id.*; Doc. 2-17 at 110. Under the Plan, the

---

[3] Part III of Chapter 720 of the Florida Statutes, entitled "Covenant Revitalization," provides that "property owners are encouraged to preserve existing residential and other communities . . . by the revival of a previous declaration of covenants and other governing documents that may have ceased to govern some or all parcels in the community." § 720.403(1), Fla. Stat. It also provides a mechanism for reviving covenants: subject to the conditions described in Part III, covenants can be revived by agreement of a "majority of the affected parcel owners." § 720.405(6), Fla. Stat.

Excluded Lot Owners are enjoined from use of or access to the Amenities Property until all outstanding assessments have been paid and documents signed to subject their property to the New Restrictions. Doc. 2-7 at 11–12.

Confirmation hearings regarding the Debtor's Plan took place on March 23, 2018; April 5, 2018; and May 24, 2018 ("Confirmation Hearings"). Doc. 2-2 at 2. The Bankruptcy Court approved the Plan and entered its Order Confirming Plan on June 15, 2018 ("Confirmation Order"). Doc. 2-8. The Confirmation Order authorized, among other things, the transfer of the Amenities Property to the purchaser and the application of New Restrictions to all lots in the subdivision (except the Excluded Lots). *Id.* at 5. The Confirmation Order provided that "[t]he New Restrictions shall be recorded at the Closing and shall thereafter constitute a covenant running with the land as to all lots . . . except for the Excluded Lots." *Id.*

On March 5, 2019, Debtor filed an emergency motion seeking to substitute the name of the new purchaser, Lakeshore Communities, Inc., in place of HHEA, LLC. Doc. 2-18 at 3. On March 19, 2019, the Bankruptcy Court granted the Debtor's emergency motion to modify the Confirmed Plan to substitute the name of a different purchaser, Lakeshore Communities, Inc., and to more fully reflect the findings and conclusions the Court stated on the record at the Confirmation Hearings ("Amended Confirmation Order"). Docs. 2-18, 2-23; *see* Doc. 2-2 at 2 n.3.

In its Confirmation Order, the Bankruptcy Court found that a majority of the Heather Hills Estates subdivision lot owners voted in favor of the New Restrictions. Doc. 2-8 at 2–3. It also found that "revival of the restrictions through approval of the

New Restrictions is integral to the success of the Debtor's reorganization." *Id.* at 3. The Bankruptcy Court concluded that the Plan was "the best, and perhaps the only way, to resolve the issues and litigation that have plagued the Heather Hills Estates subdivision for nearly ten years." *Id.*

In the Bankruptcy Court's Amended Confirmation Order issued March 19, 2019, the court substituted Lakeshore Communities, Inc. for HHEA, LLC as the purchaser of the Amenities Property. Doc. 2-23 at 2-3. The other modification related to the approval of the New Restrictions pursuant to Part III of Chapter 720 of the Florida Statutes. In the June 15, 2018 Confirmation Order, the Bankruptcy Court made two findings regarding the approval of the New Restrictions: (1) the "balloting process in this case met all the requirements of due process and was consistent with the requirements of Florida Statute § 720.403, *et seq.*," and (2) "the processes and procedures employed by the Debtor through the Plan are expressly contemplated in Florida Statute § 720.403, *et seq.*" Doc. 2-8 at 2. In its emergency motion, Debtor requested that the bankruptcy court supplement its findings in specific ways to more fully reflect the express and implicit findings the Bankruptcy Court made orally at the Confirmation Hearings. Doc. 2-18 at 3. In granting the Debtor's emergency motion, the Bankruptcy Court made the requested modifications to its order confirming the Plan. Doc. 2-23. The Lot Owners did not pursue an appeal of the Confirmation Order

when it was originally entered or when it was modified (the Amended Confirmation Order).[4] On June 10, 2019, Debtor filed its Motion for Final Decree and Certificate of Substantial Consummation, and on June 28, 2019, the Bankruptcy Court entered a Final Decree. Doc. 12 at 15.

### B.    The Adversary Proceeding

On October 1, 2019, several Lot Owners and one Excluded Lot Owner (collectively "Plaintiffs") filed a state court action against Heather Hills Amenities, Lakeshore Management, and Heather Hills Property Owners Association, Inc. Doc. 2-27 at 5-12. The one Excluded Lot Owner, Kenna Gunn, was a Plaintiff but is not an Appellant. The Amended Confirmation Order made Lakeshore Communities the purchaser of the Amenities Property from Debtor but also gave it the ability to assign that purchase right. Doc. 2-23 at 4. Lakeshore Communities assigned its purchase right to Heather Hills Amenities, who then purchased the Amenities Property. Doc. 2-27 at 2-3. Heather Hills Amenities, in turn, contracted with Lakeshore Management to manage the Amenities Property.

Plaintiffs asserted one claim in their state court complaint: a declaratory judgment claim asking the state court to declare that application of the New Restrictions to their lots would violate § 712.12, Florida Statutes. *Id.* at 6. In pertinent

---

[4] Kenna Gunn, a plaintiff in the adversary proceeding in the Bankruptcy Court, but who is not an Appellant in this appeal, is the only person who filed an appeal of the Confirmation Order, which she later withdrew. Doc. 2-3 at 3. Ms. Gunn is an Excluded Lot Owner whose lot was not impacted by the Plan. The Bankruptcy Court noted that Ms. Gunn therefore had no standing to object to application of the New Restrictions. *See id.* at 3 n.5.

part, § 712.12 provides that a parcel owner, whose land has ceased to be governed by covenants or restrictions as of October 1, 2018, may commence an action for a judicial determination that the covenants or restrictions do not govern that parcel and that any revitalization of such covenants or restrictions would unconstitutionally deprive the parcel owner of rights or property. *See* § 712.12(3), Fla. Stat.

Defendants in the underlying action, Heather Hills Amenities and Lakeshore Management ("Defendants" or "Appellees") removed the state court action to the Bankruptcy Court. Doc. 2-27 at 1-3. Defendants argued that the Bankruptcy Court "expressly retained 'jurisdiction to enforce the New Restrictions and to entertain and resolve any actions challenging them.'" *Id.* at 3 (quoting Doc. 2-23 at 9). On December 20, 2019, the Bankruptcy Court issued an order accepting the removed state court action turned adversary proceeding. Doc. 2-28.

Defendants moved to dismiss Plaintiffs' complaint in the adversary proceeding arguing Plaintiffs' claims are barred by *res judicata* because they failed to timely challenge the Confirmation Orders that provided for the application of the New Restrictions to the Lot Owners. Docs. 2-29, 2-32. In response, Plaintiffs argued *res judicata* may not be argued on a motion to dismiss as it would require the court to go beyond the four corners of the complaint. Doc. 2-33 at 6. Additionally, Plaintiffs argued *res judicata* does not apply because there was no final judgment on the merits and both actions did not involve the same causes of action. *Id.* at 14–15. In support that there was no final judgment on the merits, Plaintiffs cited to the Bankruptcy Court's orders denying without prejudice as premature Plaintiffs' motions to declare

their lots free and clear from covenants and use restrictions pursuant to § 712.12(3), Fla. Stat., which they filed in the Bankruptcy Court prior to filing their declaratory action. Doc. 2-33 at 15; *see also* Docs. 2-9, 2-10, 2-11 (November 2018 motions for order or judgment to declare lot free and clear of covenants and use restrictions); Docs. 2-13, 2-14, 2-15 (December 2018 orders denying without prejudice the motions). Plaintiffs further argued that application of the New Restrictions to their lots would violate § 712.12(3) because their lots "ceased to be governed by covenants" as of October 1, 2018, since the terms of the Plan and the New Restrictions did not take effect until "on or about April 30, 2019" when the purchase of the Amenities Property closed and the New Restrictions were recorded. Doc. 2-33 at 2. Finally, Plaintiffs argued that application of the New Restrictions to their lots would "unconstitutionally deprive" them of "rights and property." Doc. 2-27 at 11.

After initial briefing, supplemental briefing, and oral argument, the Bankruptcy Court granted the motion to dismiss. *See* Docs. 2-2, 2-3, 2-29, 2-30, 2-31, 2-32, 2-33, 2-35. On April 15, 2021, the Bankruptcy Court issued its Order Granting Motion to Dismiss. Doc. 2-2. On May 10, 2021, the Bankruptcy Court entered an Amended Order Granting Motion to Dismiss, which was identical to the first order except was amended to correct a scrivener's error.[5] Doc. 2-3.

In the Dismissal Order, the Bankruptcy Court found that Plaintiffs' claims were barred by the doctrine of *res judicata*. Doc. 2-2 at 3; Doc. 2-3 at 3. The June 15, 2018

---

[5] The order was amended to add the word "almost" which was inadvertently omitted before the phrase "all lots within the subdivision." Doc. 2-3 at 1.

Confirmation Order confirmed the Plan which provided for, among other things, application of the New Restrictions to all lots in the Heather Hills subdivision except for the Excluded Lots. Because the Plaintiffs' Complaint was a direct challenge to the Confirmation Order, the Bankruptcy Court found that Plaintiffs' claims failed because the Confirmation Order was a final order that was never appealed. *Id.* Next, the Bankruptcy Court found the principles underlying the doctrine of equitable mootness were applicable here because to grant the Lot Owners' requested relief would be to undermine "the most critical aspect of the Plan," and thus be impossible to grant. Doc. 2-2 at 4; Doc. 2-3 at 4. Finally, the Bankruptcy Court found that Plaintiffs' reliance on Fla. Stat. § 712.12(3) failed because that provision did not become effective until October 1, 2018, over three months after entry of the Confirmation Order. And although the effective date of the Plan is after enactment of this statute, the Confirmation Order was complete when the Bankruptcy Court made its oral ruling on May 24, 2018. Doc. 1-2 at 5; Doc. 1-3 at 5. Even if § 712.12(3) applied, the Bankruptcy Court concluded it would not provide Plaintiffs relief because application of the New Restrictions would not "unconstitutionally deprive [the Lot Owners] of rights or property." Doc. 2-2 at 6; Doc. 2-3 at 6. On April 29, 2021, the Lot Owners appealed the Bankruptcy Court's Dismissal Order. Doc. 2-1.

## II.    STANDARD OF REVIEW

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts. 28 U.S.C. § 158(a). The Court functions as an appellate court in reviewing decisions of the bankruptcy court. *See In re Colortex Indus.,*

*Inc.*, 19 F.3d 1371, 1374 (11th Cir. 1994). The district court reviews legal conclusions of the bankruptcy court *de novo* and reviews the bankruptcy court's findings of fact for clear error. *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009). "Holding a claim to be barred from relitigation on the ground of *res judicata* is a determination of law," and thus the court reviews the determination *de novo*. *In re Just. Oaks II, Ltd.*, 898 F.2d 1544, 1548 n.1 (11th Cir. 1990) (citing *Equitable Life Assurance Soc'y v. Sublett* (*In re Sublett*), 895 F.2d 1381, 1383 (11th Cir. 1990)).

In reviewing the bankruptcy court's factual findings, the district court must accept the factual findings, unless they are clearly erroneous. *In re JLJ Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993). "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Morrissette-Brown v. Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1319 (11th Cir. 2007) (internal quotation marks omitted). Mixed questions of law and fact are reviewed *de novo*. *In re Cox*, 493 F.3d 1336, 1340 n.9 (11th Cir. 2007).

## III.   ANALYSIS

The Lot Owners raise two primary issues on appeal: (1) whether the Bankruptcy Court erred by applying the doctrine of *res judicata* to bar the Lot Owners' lawsuit; and (2) whether the Bankruptcy Court erred in applying the doctrine of equitable mootness. Doc. 9. Appellees respond that the Bankruptcy Court's Dismissal Order should be affirmed because the Bankruptcy Court did not err in applying the doctrines of *res*

*judicata* or equitable mootness. Doc. 12. Additionally, Appellees argue that the appeal may be affirmed because the Bankruptcy Court did not err in dismissing the Lot Owners' complaint on the merits—an issue Appellees contend was not challenged by the Lot Owners on appeal. *Id.* The Court first addresses Appellees' argument that the Bankruptcy Court alternatively found the Lot Owners' claims under Fla. Stat. § 712.12 to be meritless.

## A.    Section 712.12, Fla. Stat.

In pertinent part, section 712.12 provides as follows:

> With respect to any parcel that has ceased to be governed by covenants or restrictions as of October 1, 2018, the parcel owner may commence an action by October 1, 2019, for a judicial determination that the covenants or restrictions did not govern that parcel as of October 1, 2018, and that any revitalization of such covenants or restrictions as to that parcel would unconstitutionally deprive the parcel owner of rights or property.

§ 712.12(3), Fla. Stat. In the adversary proceeding, the Lot Owners rely on this provision to argue that the New Restrictions cannot apply to their lots because the restrictive covenants did not go into effect until after the recording of the purchase of the Amenities Property on April 25, 2019. The Bankruptcy Court held the Lot Owners' arguments under this provision fail for two reasons. As a preliminary matter, the Bankruptcy Court found the statute inapplicable because it did not become effective until October 1, 2018, which was over four months after issuance of the Confirmation Order. As such, the Bankruptcy Court could not implement a statute that did not exist

at the time it entered its Confirmation Order.[6] Next, the Bankruptcy Court held that, even if § 712.12(3), Fla. Stat. applied, application of the New Restrictions did not unconstitutionally deprive the Lot Owners of rights or property. Doc. 2-3 at 6. Specifically, the Bankruptcy Court found the Lot Owners received notice of the terms of the Plan and the Confirmation process. The Lot Owners were given the opportunity to vote regarding the New Restrictions, and the majority of the lot owners in the Heather Hills subdivision voted in favor of the restrictions. Thus, the Court determined that the Lot Owners received their due process and application of the New Restrictions to them did not unconstitutionally deprive them of their rights or their property.

As Appellees point out, the Lot Owners do not specifically address these findings in their initial brief. In their reply, the Lot Owners argue the Bankruptcy Court's discussion of § 712.12(3) merely served to support the Court's reasoning and was not an independent basis for dismissal. The Lot Owners submit there was no finding in the Dismissal Order that the Lot Owners failed to state a claim. Doc. 15 at 4. However, review of the Dismissal Order reveals the Bankruptcy Court made

---

[6] As part of their *res judicata* argument, the Lot Owners argue that § 712.12(3) is an intervening law that became effective on October 1, 2018, before the restrictive covenants went into effect with the closing and recording of the sale. However, as discussed by the Bankruptcy Court, its Confirmation Order became effective immediately upon the oral ruling confirming the Plan in May 2018. *See In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 700 (11th Cir. 2005) (holding that a bankruptcy court's order is complete when made, not when it is reduced to paper and entered on the docket). Thus, the Plan was binding upon "the Debtor, any creditor, all Lot Owners, or any party in interest" upon issuance by the Bankruptcy Court of its ruling confirming the Plan.

findings that the Plaintiffs were given "their day in court" and afforded due process. The Bankruptcy Court went on to find that even if Plaintiffs were able to show that their lots ceased to be governed by covenants and restrictions as of October 1, 2018, "that absolutely *no* unconstitutional deprivation of rights or property resulted from the application of the New Restrictions to their lots." Doc. 2-3 at 7 (emphasis in original). Based on these findings, as well as its application of the doctrines of *res judicata* and equitable mootness, the Bankruptcy Court dismissed the Plaintiff's Complaint. *Id.* The Lot Owners do not challenge the Bankruptcy Court's determination that no constitutional deprivation occurred, and "[t]hat means [the Lot Owners have] abandoned any challenge to the bankruptcy court's ruling on that score. *In re Boudreaux*, 828 F. App'x 643, 645 (11th Cir. 2020) (citing *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004)). For this reason, the Dismissal Order is due to be affirmed.

### B. Bankruptcy Court did not err in applying principles of *Res Judicata*

The Bankruptcy Court found that the doctrine of *res judicata* operates to bar the Lot Owners' claims here. In response, the Lot Owners argue the doctrine of *res judicata* should not be invoked to bar their claims because they were not parties or in privity with any party named in the main bankruptcy case or in any related adversary proceeding. Thus, the Lot Owners contend the Bankruptcy Court erred in applying the doctrine to their claims because they were not parties in interest and did not agree to be bound by the Bankruptcy Court's ruling. They submit that they are "simply not

creditors" and the Debtor's attempts to subject 354 property owners in the Heather Hills subdivision to the jurisdiction of the Bankruptcy Court contradicts constitutional jurisprudence that a Bankruptcy Court lacks the authority to enter a final judgment on a state law claim.

*Res judicata*, also known as claim preclusion, "bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013). "To invoke the doctrine, [a party] must establish four initial elements: (1) the prior judgment was made by a court of competent jurisdiction; (2) the judgment was final and on the merits; (3) both cases involve the same parties (or their privies); and (4) both cases involve the same causes of action." *Bennett v. Jefferson Cty., Alabama*, 820 F. App'x 858, 860 (11th Cir. 2020) (citing *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001)).

As to the first element, there can be no doubt that the Bankruptcy Court has jurisdiction to confirm the Plan of Reorganization. *See* 28 U.S.C. § 157(b), 1334. "Confirmations of plans" are expressly mentioned on the list of "core proceedings statutorily entrusted to bankruptcy judges." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 1503 (2015) (quoting 28 U.S.C. § 157(b)(2)(L)) (internal quotations omitted). Second, "[i]t is established law that a confirmation order satisfies 'the requirements of a judgment that can be given [preclusive] effect.'" *In re Optical Techs., Inc.*, 425 F.3d 1294, 1300 (11th Cir. 2005) (quoting *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990)); *see also In re FFS Data, Inc.*, 776 F.3d 1299, 1306 (11th Cir. 2015) (holding that

confirmation orders that satisfy the requirements for *res judicata* are given preclusive effect as does a reorganization plan that is incorporated into a confirmation order). Thus, the Confirmation Order, which the Bankruptcy Court has statutory authority to enter, was a final order on the merits.[7]

The Lot Owners' primary argument is directed to the third factor. They complain that they were improperly brought into the Debtor's bankruptcy by being listed as creditors on Debtor's "Schedule of Creditors" when they are, in fact, not creditors or owed any money by the Debtor. Thus, they argue they are not parties in interest or in privity in order to satisfy the third element of the *res judicata* analysis. The Lot Owners' argument is unavailing. "[A]ny party in interest may object to confirmation. Although neither the Bankruptcy Code nor the rules define party in interest, it is clear that an allowable claim is not a necessary element of such a party's interest." *In re Just. Oaks II, Ltd.*, 898 F.2d 1544, 1551 n.6 (11th Cir. 1990) (citing 8 Collier on Bankruptcy, supra ¶ 3020.04[1]). Thus, the fact that the Lot Owners did not

---

[7] The Lot Owners' argument that there was no final order on the merits because their motions seeking a determination that the restrictions did not apply to their lots was denied without prejudice is unavailing. As noted in the Dismissal Order, although the Bankruptcy Court denied those motions without prejudice, the Bankruptcy Court overlooked that the Confirmation Order expressly reserved jurisdiction "over the Debtor, all creditors, parties in interest, Lot Owners, and the Plan. . . ." Doc. 2-3 at 6. To the extent the Lot Owners' argument can be interpreted as one attacking the Bankruptcy Court's subject matter jurisdiction, this argument similarly fails. *See Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 970 (11th Cir. 2012) ("retention of jurisdiction by the bankruptcy court after confirmation is particularly appropriate where ... the bankruptcy court expressly retains jurisdiction under the plan"); *see also In re 8 Mile Ranch, LLC*, No. 6:12-BK-10227-KSJ, 2015 WL 5307389, at *3 (Bankr. M.D. Fla. Sept. 10, 2015) ("A bankruptcy court retains post-confirmation jurisdiction to interpret and enforce its own orders, particularly when disputes arise over a bankruptcy plan of reorganization.") (citation omitted).

have a claim against the Debtor's Estate does not determine whether they were parties in interest.

The Court agrees with Appellees and the Bankruptcy Court that the Lot Owners, who were listed in the Schedule of Creditors, were parties in interest to the bankruptcy proceedings and thus were entitled to be heard regarding any objection they had to the Plan. Section 1109 of the Bankruptcy Code provides that in Chapter 11 bankruptcy cases, "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). Although section 1109 lists certain entities that are considered to be parties in interest, the list is non-exhaustive. *See* 11 U.S.C. § 102(3) ("includes" and "including" are not limiting). Therefore, use of the word "including" in section 1109(b) does not limit "party in interest" status to those parties specifically referred to in the subsection.

Although no Eleventh Circuit caselaw appears to speak directly to section 1109(b), cases interpreting the provision have found this list to be non-exhaustive. *See, e.g., In re Kaiser Steel Corp.*, 998 F.2d 783, 788 (10th Cir. 1993) (holding that "the word 'including' is not a limiting term, and therefore, 'party in interest' is not confined to the list of examples provided in section 1109(b)"); *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985) (basic consideration under section 1109(b) is "whether the prospective party in interest has a sufficient stake in the outcome of the proceeding so as to require representation"); *In re Wolf Creek Valley Metro. Dist. No. IV*, 138 B.R. 610,

615 (D. Colo. 1992) (finding where "vital interests" are being affected and one has a "sufficient stake" in the proceeding, then the party is a person of interest entitled to be heard under section 1109). The Lot Owners were affected by the application of the New Restrictions and therefore had a stake in the outcome of the proceedings. Thus, the Lot Owners, as parties in interest, received notice of the Plan and were entitled to be heard. *See* Doc. 2-8 at 2 ("Proper notice of the Plan, the Disclosure Statement, and the Hearing has been given to all creditors and parties in interest."). In fact, a vote was taken regarding the New Restrictions and a majority of the affected parcel owners in the Heather Hills subdivision voted, in writing, in favor of approving the New Restrictions.[8] *Id.* at 2–3; Doc. 2-23 at 4–6. The Bankruptcy Court held multiple hearings regarding the Plan, of which the Lot Owners received notice. Despite being given the opportunity to do so, none of the Lot Owners objected to the Plan. And, critically, none of the Lot Owners appealed the Confirmation Plan, either initially or after it was modified. Thus, the third element of the *res judicata* analysis is satisfied as the Lot Owners were parties in interest.

---

[8] The Amended Confirmation Order sets forth in detail the procedures implemented regarding notice and voting, consistent with the requirements of Florida law. *See* Doc. 2-23 at 4–7. The Dismissal Order noted benefits of the New Restrictions to Heather Hills residents including the provision and maintenance of a recreation area within the community, which area is governed by regulations prohibiting such things as disturbing noise and littering; repair and maintenance of the retention pond; and the limitation (with some exceptions) of occupancy of homes to persons 55 years of age or older. Doc. 2-3 at 7 n.16 (citing Exhibit A to the Plan). The Court reasoned that the majority of the lot owners must have determined these benefits outweighed any potential negative impact on their individual lots as a result of the New Restrictions. Doc. 2-3 at 7.

On the final element, it is clear that both cases involve the same cause of action. A cause of action is the same for *res judicata* purposes if it "arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action." *Piper*, 244 F.3d at 1297. Here, both actions are based on the same factual predicate, *i.e.*, the revival of the restrictive covenants. The issue raised by the adversary proceeding is the applicability of the New Restrictions to the Lot Owners. Doc. 2-27 at 5–12. This same issue was raised and litigated in the Plan approval process of the bankruptcy proceeding. The Bankruptcy Court addressed the New Restrictions in the Confirmation Order, and specifically found "revival of the restrictions through approval of the New Restrictions is integral to the success of the Debtor's reorganization." Doc. 2-8 at 3. The Bankruptcy Court further found that the Plan and New Restrictions were proposed in good faith and were the result of diligent, good faith negotiations after a vote presented to all affected parcel owners of the subdivision. Thus, the issue of revival of the restrictive covenants was litigated in the Plan approval process of which the Lot Owners were interested parties. The affected parcel owners (which included the Lot Owners) received proper notice, they were given the opportunity to submit a written ballot to vote regarding the revival of the restrictive covenants, and they were given the opportunity to voice objections at the multiple Confirmation Hearings. No objections were raised by the Lot Owners at the Confirmation Hearings, and none of the Lot Owners appealed the Confirmation Order or Amended Confirmation Order. The final element of the analysis is satisfied.

It is well settled that a Bankruptcy Court's confirmation order that is final and no longer subject to appeal becomes *res judicata* to the parties and those in privity with them." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152 (2009). Having determined that the elements have been satisfied to invoke the doctrine of *res judicata*, the Court finds the Bankruptcy Court did not err in dismissing the Lot Owners' Complaint on the basis of *res judicata*.

## C.    Equitable Mootness

The Order on appeal also concluded dismissal of the Lot Owners' Complaint was warranted on the basis of equitable mootness. "Equitable mootness is a discretionary doctrine that permits courts sitting in bankruptcy appeals to dismiss challenges (typically to confirmation plans) when effective relief would be impossible." *In re Bayou Shores SNF, LLC*, 828 F.3d 1297, 1328 (11th Cir. 2016) (citation omitted). Generally, the doctrine does not invoke the traditional concepts of mootness. Rather, the doctrine "is a pragmatic principle, grounded in the notion that, with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable." *In re Fontainebleau Las Vegas Holdings, LLC*, 434 B.R. 716, 741 (S.D. Fla. 2010) (quoting *Mac Panel Co. v. Va. Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002)). Recognizing the adversary proceeding was not an "appeal," the Bankruptcy Court nevertheless found the principles underlying the doctrine to be appropriate and persuasive on the facts of this case. Doc. 2-3 at 4. Specifically, the Bankruptcy Court found the relief sought by

the Lot Owners essentially impossible to grant without completely undoing the Plan as application of the New Restrictions was the "most critical aspect of the Plan." *Id.*

The Lot Owners argue that there is no mootness here because they have suffered and will continue to suffer from application of the restrictions. Doc. 9 at 38. This argument is without merit as it confuses equitable mootness with constitutional mootness. As the Eleventh Circuit has explained, the doctrine of equitable mootness "does not reference actual mootness at all. . . . [Instead], its application turns on equitable and prudential concerns which focus on whether it is reasonable to entertain the contentions of the parties challenging an order of the bankruptcy court." *Bennett v. Jefferson Cty., Alabama*, 899 F.3d 1240, 1247 (11th Cir. 2018); *see also In re City of Detroit, Michigan,* 838 F.3d 792, 798 (6th Cir. 2016) ("Equitable mootness is not technically 'mootness'—constitutional or otherwise."); *In re UNR Indus., Inc.*, 20 F.3d 766, 769 (7th Cir. 1994) ("There is a big difference between inability to alter the outcome (real mootness) and unwillingness to alter the outcome ('equitable mootness').").

The Lot Owners next argue equitable mootness has no application in the context of a bankruptcy court ruling on a motion to dismiss. While most commonly applied in the appellate context, "the doctrine of equitable mootness is equally applicable to motions to . . . overturn final orders in bankruptcy proceedings." *In re TLFO, LLC*, 572 B.R. 391, 434 (Bankr. S.D. Fla. 2016) (citations omitted). Thus, the Lot Owners fail to demonstrate on this appeal that the Bankruptcy Court erred in applying this doctrine to the case below.

Lastly, the Lot Owners contend, without any argument or citation to authority, that permitting the seven of them to obtain a declaratory judgment would have a negligible impact on the rights and expectations of the Appellees. The Eleventh Circuit has explained that "the test for mootness reflects a court's concern for striking the proper balance between the equitable considerations of finality and good faith reliance on a judgment and the competing interests that underlie the right of a party to seek review of a bankruptcy court order adversely affecting him." *In re Club Assocs.*, 956 F.2d 1065, 1069 (11th Cir. 1992). The Bankruptcy Court considered the competing interest of the Lot Owners with the reasonable expectations of the party that purchased the Debtor's assets and concluded that to award the requested relief would undermine the most critical aspect of the Plan and decimate the expectations of the purchaser. To do that long after the time for appeal of the Confirmation Order expired would be inequitable. The Lot Owners fail to demonstrate the Bankruptcy Court erred on this point.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.     The Bankruptcy Court's Order (Doc. 2-2) and Amended Order Granting Motion to Dismiss the Lot Owners' Complaint (Doc. 2-3) in the Adversary Proceeding are **AFFIRMED**.

2.     The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 21, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties