# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DAVID HARPER, *et al.*,

    Appellants,

v.                                    Case No: 8:21-cv-1057-CEH

HEATHER HILLS AMENITIES, LLC
and LAKESHORE MANAGEMENT,
INC.,

    Appellees.

_____/

## **O R D E R**

    This matter comes before the Court on non-party Frederic B. O'Neal, Esquire's ("O'Neal) Motion for Leave to File *Amicus Curiae* Brief in Support of Granting Appellants' Motion for Rehearing (Doc. 20). In the motion, O'Neal requests leave to file an *Amicus Curiae* Brief in support of granting the motion for rehearing and reversing the bankruptcy decision appealed (Doc. 18). The Court, having considered the motion and being fully advised in the premises, will deny O'Neal's Motion for Leave to File *Amicus Curiae* Brief.

## **BACKGROUND**

    Appellants David Harper, Denis Cox, Suzanne Cox, Eugene Darrell, John Blanchard, Letterina Franz, Dennis Todd, Josefina Todd, James Michels, and Crystal Woods ("Lot Owners") sued Heather Hills Amenities, Lakeshore Management, and Heather Hills Property Owners Association, Inc. (collectively "Defendants") in state

court seeking a declaration that application of proposed restrictive covenants ("New Restrictions") to their respective property violated Fla. Stat. § 712.12. The action was removed to the bankruptcy court, which entered an order accepting the removed action turned adversary proceeding. Defendants moved to dismiss the adversary proceeding on the basis that the Lot Owners' claims were barred by *res judicata* because the Lot Owners, who received notice of the Confirmation Hearings, never timely challenged the Confirmation Orders that provided for application of the New Restrictions to the Lot Owners' property. The Bankruptcy Judge granted the motion to dismiss the adversary proceeding based on, among other reasons, that the Lot Owners' claims were barred by the doctrine of *res judicata*. The Lot Owners appealed the dismissal of their Adversary Proceeding to this Court. This Court affirmed the Bankruptcy Court's order of dismissal on March 21, 2022 (Doc. 18).

On April 4, 2022, the Lot Owners filed a motion for rehearing on the grounds that the bankruptcy court lacked subject matter jurisdiction to enter an order dismissing a complaint in a post-confirmation adversary proceeding. Doc. 19. Appellees responded in opposition arguing the bankruptcy court had subject-matter jurisdiction to adjudicate the Lot Owners' complaint, where the Bankruptcy Court had expressly retained jurisdiction to enforce the New Restrictions. Doc. 22.

On April 8, 2022, attorney O'Neal filed the instant motion, pursuant to Fed. R. App. P. 29, requesting leave to file an amicus brief in support of the Appellant's motion for rehearing and in support of reversing the Bankruptcy Court's order of dismissal. Doc. 20. In his motion, O'Neal represents that the focus of his legal practice is

representing homeowners against developers and homeowners' associations. O'Neal has litigated extensively against restrictive covenants such as the 55+ amendment involved here, but none of the cases cited are procedurally similar.[1]

O'Neal represents he first became interested in the case when he learned of the Court's decision affirming the bankruptcy court's order of dismissal. However, he was made aware of the case earlier in the litigation as Appellants' co-counsel consulted with him about the requirements for filing an action under Section 712.12. O'Neal became alarmed that, if the decision were allowed to stand, it would upend his practice, as well as Florida law. He claims that allowing him to file the brief will give the Court perspective from someone who has long practiced in this area of state law.

## DISCUSSION

This Court has previously explained that there is "no . . . provision in the Federal Rules of Civil Procedure or in this Court's Local Rules to regulate the filing of an amicus brief in the district court." *Dibbs v. Hillsborough Cty., Fla.*, No. 8:12-cv-2851-CEH-TGW, 2014 WL 12839780, at *1 (M.D. Fla. Dec. 4, 2014). Regardless, district courts have "inherent authority to appoint *amici curiae*, or 'friends of the court,' to assist it in a proceeding." *Fishing Rights All., Inc. v. Pritzker*, No. 8:15-cv-1254-MSS-MAP, 2016 WL 11491618, at *3 (M.D. Fla. June 8, 2016) (quoting *Resort Timeshare Resales,*

---

[1] O'Neal cites to multiple cases in which he has successfully represented parties opposing a 55+ amendment and related to issues under the Marketable Record Title Act ("MRTA"), Fla. Stat. § 712.001, *et seq*. *See* Doc. 20 at 2 nn. 2, 3. None of the cases involve a similar procedural posture wherein the matter is raised in a bankruptcy adversary proceeding and no objections are filed.

*Inc. v. Stuart*, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991)). In ruling on such requests, district courts have considered the principles set forth in United States Supreme Court Rule 37 and Federal Rule of Appellate Procedure 29 when deciding whether to grant leave to a non-party seeking to file an amicus brief. *Dibbs*, 2014 WL 12839780 at *1; *Leal v. Sec'y, U.S. Dep't of Health & Human Servs.*, No. 6:08-CV-1062-ACC-GJK, 2009 WL 1148633, at *1 (M.D. Fla. Apr. 28, 2009) (applying both rules in recommending denial of the motion for leave).

Pursuant to Rule 37, "[a]n *amicus curiae* brief that brings to the attention of the Court relevant matter not already brought to its attention by the parties may be of considerable help to the Court[] [but] [a]n *amicus curiae* brief that does not serve this purpose burdens the Court, and . . . is not favored." Sup. Ct. R. 37. Likewise, "Rule 29 provides that leave to file an amicus brief should be granted only if the court is satisfied as to the movant's interest and the reasons why an amicus brief would be desirable and relevant to the disposition of the case." *Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, No. 9:17-CV-80495, 2018 WL 3368746, at *1 (S.D. Fla. July 6, 2018) (citing Fed. R. App. P. 29(b)).

In deciding whether to grant leave, district courts usually consider whether "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, No. 2:10-cv-106-JES-SPC, 2010 WL 3603276, at *1 (M.D. Fla. Sept. 9, 2010) (quoting *Liberty Res., Inc. v.*

4

*Philadelphia Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005)); *Dibbs*, 2014 WL 12839780, at *1 ("An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case . . . or when the amicus has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide. Otherwise, leave to file an amicus brief should be denied.") (quoting *Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F. Supp. 2d 295 (W.D.N.Y. 2007)). The decision is within the broad discretion of the court. *Dibbs*, 2014 WL 12839780, at *1; *Conservancy of Sw. Fla.*, 2010 WL 3603276, at *1 ("It is well-settled that a district court has broad discretion to grant the request of a non-party to file an amicus brief. Inasmuch as an amicus is not a party and 'does not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the amicus.'").

Having considered the factors noted above, additional briefing from O'Neal is not required or needed for determination of the Appellants' motion for rehearing. The movant has not alleged, much less demonstrated, that the interests involved in the case are not competently represented, and the Court has discerned no reason to call the attorneys' competence into question. As in *Consumer Fin. Prot. Bureau*, "the Court finds that the parties in this litigation are adequately represented by counsel and amicus participation is not necessary in order to get an adequate representation of Plaintiff's position." 2018 WL 3368746, at *2; *Fla. by & through McCollum v. United States Dep't of*

*Health & Human Servs.*, No. 3:10-CV-91-RV/EMT, 2010 WL 11570635, at *2 (N.D. Fla. June 14, 2010) ("It is 'particularly questionable' to allow an amicus brief when the existing parties are 'already well represented.'"). O'Neal claims to have a special interest in the outcome because if the bankruptcy order is allowed to stand it would "upend" his legal practice of representing individuals opposing 55+ amendments in communities. However, given the procedural history of this case, counsel's argument is unpersuasive. Further, O'Neal is not neutral, but instead, partial to a particular outcome in this case, and thus the submissions would be duplicative. The parties here are competently represented, and an amicus brief is unnecessary for the disposition of the Appellants' motion for rehearing. Accordingly, it is

    **ORDERED:**

    1.    Non-party Frederic O'Neal's Motion for Leave to File *Amicus Curiae* Brief in Support of Granting Appellants' Motion for Rehearing (Doc. 20) is **DENIED**.

    **DONE AND ORDERED** in Tampa, Florida on June 29, 2022.

*[Signature: Charlene Edwards Honeywell]*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any