UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID HARPER, *et al.*,

    Appellants,

v.                                                               Case No: 8:21-cv-1057-CEH

HEATHER HILLS AMENITIES, LLC
and LAKESHORE MANAGEMENT,
INC.,

    Appellees.
_____/

## **ORDER**

This matter comes before the Court on Appellants' Motion for Rehearing. Doc. 19. In the motion, Appellants request the Court reconsider the issues on appeal arguing that the Bankruptcy Court lacked subject-matter jurisdiction to enter the orders of dismissal that are on appeal. Appellees filed a memorandum in opposition. Doc. 22. The Court, having considered the motion and being fully advised in the premises, finds that the Court properly has jurisdiction over this appeal and will deny Appellants' request for reconsideration.

I.     BACKGROUND

Appellants are lot owners in the Heather Hills Estates subdivision. In this appeal, Appellants challenged the dismissal of their declaratory judgment action by the Bankruptcy Court. Appellants initiated their declaratory action in state court on October 1, 2019. The action sought a declaration that application of the "New

Restrictions" to their lots in the Heather Hills Estates subdivision violates Florida Statutes § 712.12. The "New Restrictions" referred to certain covenants burdening the lots in the Heather Hills Estates subdivision that were revived by the Confirmation Plan ("the Plan") in the bankruptcy of debtor, Heather Hills Estates, LLC. The Plan provided that, pursuant to Part III of Chapter 720 of the Florida Statutes, the Heather Hills Estates subdivision lot owners would vote to decide whether to enact the New Restrictions. Doc. 2-7 at 7. In its Confirmation Order, the Bankruptcy Court found that a majority of the Heather Hills Estates subdivision lot owners voted in favor of the New Restrictions. Doc. 2-8 at 2–3.

Appellees removed the state court action to the bankruptcy court and then moved to dismiss Appellants' complaint in the state court action turned adversary proceeding arguing Appellants' claims were barred by *res judicata* because Appellants never timely challenged the Bankruptcy Court's Confirmation Orders.

Appellants responded that *res judicata* does not apply because there was no final judgment on the merits, because their lots ceased to be governed by the covenants as of October 1, 2018, and because the New Restrictions would unconstitutionally deprive them of rights and property. In granting Appellees' motion to dismiss the adversary proceeding, the Bankruptcy Court found that Appellants' claims were barred by *res judicata*. Additionally, the Bankruptcy Court found no due process violation. Further, the Bankruptcy Court found that the New Restrictions would not "unconstitutionally deprive [the Lot Owners] of rights or property." Doc. 2-2 at 6; Doc. 2-3 at 6. The June 2018 Confirmation Order confirmed the Plan that applied the

2

New Restrictions to Appellants' lots in the Heather Hills Estates subdivision, Appellants received notice of the Confirmation Order, which was a final Order, and significantly, Appellants never timely appealed or challenged the Confirmation Order.

On April 29, 2021, Appellants appealed to this Court the bankruptcy court's Orders of Dismissal. On appeal, Appellants' challenge was limited to whether the Bankruptcy Court erred in applying the doctrines of *res judicata* and equitable mootness. Appellants never challenged the Bankruptcy Court's finding that there was no constitutional deprivation because the Lot Owners received their due process in that they were afforded the opportunity to vote regarding the New Restrictions.

On March 21, 2022, this Court issued an Opinion and Order affirming the Bankruptcy Court's Orders of Dismissal of Appellants' complaint for declaratory relief. Doc. 18. On April 4, 2022, Appellants moved for rehearing arguing the Bankruptcy Court lacked jurisdiction to enter the Orders of Dismissal and therefore this Court lacked jurisdiction to enter its March 21, 2022 Order. Doc. 19. In response, Appellees submit that subject-matter jurisdiction exists because the Bankruptcy Court has the authority to enforce its own orders and the other state law issues raised do not support reconsideration.

## II. LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8022 provides that a party filing any motion for rehearing by the district court must file it within fourteen days after entry of the judgment on appeal and "must state with particularity each point of law or fact that the movant believes the district court has overlooked or misapprehended." Fed.

3

R. Bankr. P. 8022(a). "Bankruptcy Rule 8022 (formerly 8015) is silent regarding the standard for granting a rehearing motion." *In re Env't Techs. Int'l, Inc.*, No. 8:17-cv-74-VMC, 2017 WL 3124246, at *1 (M.D. Fla. July 21, 2017). However, courts in the Eleventh Circuit have reviewed motions for rehearing in the same manner as a motion for reconsideration. *See In re Paris,* No. 6:06-cv-1084-PCF, 2006 WL 3628296, at *1 (M.D. Fla. Oct. 30, 2006) (citing *In re Envirocon Int'l Corp.*, 218 B.R. 978, 979 (M.D. Fla. 1998)). "To that end, this Court recognizes three grounds warranting reconsideration of a prior order: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice." *In re Baumann*, No. 6:15-cv-643-PGB, 2016 WL 1755972, at *1 (M.D. Fla. May 3, 2016) (citing *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)).

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Florida Coll. of Osteopathic Med.,* 12 F. Supp. 2d at 1308 (quoting *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented prior to the entry of judgment. *See Arthur v. King*, 500 F.3d 1335, 1343-44 (11th Cir. 2007); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir.

1992); *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd 87 F.3d 1242 (11th Cir. 1996) ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time."). Whether to grant a motion for reconsideration is "committed to the sound discretion of the district judge." *O'Neal*, 958 F.2d at 1047.

### III. DISCUSSION

Appellants timely move for rehearing of the Court's Order affirming the Bankruptcy Court's Orders of Dismissal. In support of their motion, Appellants argue the Bankruptcy Court lacked jurisdiction to enter the orders of dismissal and therefore this Court was without jurisdiction to issue the order on appeal. A lack of subject-matter jurisdiction may be raised at any time, even for the first time on appeal. *See Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (quoting *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 576 (2004) (citations omitted) ("A litigant generally may raise a court's lack of subject matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance.")). Thus, regardless of whether Appellants challenged the Court's jurisdiction initially, Appellants may raise the argument now.

Although framed in terms of a jurisdictional challenge, however, Appellants' thirty-three-page motion spends a mere three pages on their jurisdictional argument and otherwise utilizes the remainder of the motion to collaterally attack the Bankruptcy Court's Confirmation Order and to argue matters previously litigated or

5

which should have been raised earlier. Appellants' Motion for Rehearing fails to establish that the Bankruptcy Court or this Court lacked subject-matter jurisdiction, and otherwise fails to set forth facts or law of a strongly convincing nature to persuade the Court it should reverse its decision affirming the Bankruptcy Court's Orders of Dismissal.

### A. The Bankruptcy Court possessed Subject-Matter Jurisdiction

At issue here is whether the Bankruptcy Court had jurisdiction to dismiss Appellants' declaratory judgment action questioning the application of the "New Restrictions" to their lots in the Heather Hills Estates subdivision where the Appellant lot owners failed to challenge the Confirmation Order of which they had notice. As part of the Debtor's reorganization, the Confirmation Plan revived and applied certain covenants (the "New Restrictions") to the lots in the Heather Hills subdivision after a vote of the lot owners. In confirming the Plan, the Bankruptcy Court found that the Plan and the New Restrictions were proposed in good faith and that the revival of the restrictions was "integral to the success of the Debtor's reorganization." Doc. 2-8 at 3. Relevant to the dispute below, "[a] bankruptcy court retains post-confirmation jurisdiction to interpret and enforce its own orders, particularly when disputes arise over a bankruptcy plan of reorganization." *In re 8 Mile Ranch, LLC*, No. 6:12-BK-10227-KSJ, 2015 WL 5307389, at *3 (Bankr. M.D. Fla. Sept. 10, 2015). A bankruptcy court's interpretation of its own orders is entitled to deference upon appellate review. *In re Optical Technologies, Inc.*, 425 F.3d 1294, 1300 (11th Cir. 2005).

The Eleventh Circuit has held that "[w]hen, in a Chapter 11 case, a bankruptcy court issues an order confirming a reorganization plan, that court 'retains post-confirmation jurisdiction to complete any action pertinent to the plan.'" *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 969 (11th Cir. 2012) (citing 9D Am. Jur. 2d Bankruptcy § 3014 (2012)). Indeed, "[t]he retention of jurisdiction by the bankruptcy court after confirmation is particularly appropriate where . . . the bankruptcy court expressly retains jurisdiction under the plan." *Id.* at 970 (citations omitted). In the Confirmation Order at issue here, the Bankruptcy Court specifically "retain[ed] jurisdiction to enforce the New Restrictions and to entertain and resolve any actions challenging them." Doc. 2-23 at 9. As the Bankruptcy Court observed in the Amended Order of Dismissal, the Confirmation Order became effective immediately upon the court's oral ruling confirming the plan on May 24, 2018, at which time all lot owners, including Appellants, were bound by the provisions of the Plan. Doc. 2-3 at 5.

In dismissing the Appellants' challenge to the New Restrictions through its declaratory judgment action, the Bankruptcy Court was enforcing its Confirmation Order. As discussed above, the Appellants never raised objections at the Confirmation hearings, nor did they appeal the Confirmation Order or Amended Confirmation Order. Appellants try to advance the position that their dispute had nothing to do with the bankruptcy estate. However, it is clear the lot owners were parties in interest, regardless of whether they had a claim against the estate, such that they could be bound by the confirmation order. Appellants had a sufficient interest in the estate to qualify them as parties in interest. Therefore, they became bound by the court's order

7

confirming the plan even though they had no allowable claim at the time. "[A]ny party in interest may object to confirmation." *In re Just. Oaks II, Ltd.*, 898 F.2d 1544, 1551 (11th Cir. 1990).

Appellants contend that *Matter of Lemco Gypsum*, 910 F.2d 784, 787 (11th Cir. 1990) supports their position that subject-matter jurisdiction is lacking. Appellants argue *Lemco Gypsum*, which involved a dispute about rights incident to the ownership of real property, stands for the proposition that the mere fact that property was once owned by a bankrupt debtor does not provide federal jurisdiction for all future disputes concerning the property. Appellants submit that their suit did not request damages and thus would have no effect on the Debtor's bankruptcy estate. Appellants' reliance on *Lemco Gypsum* is misplaced. In that action, the Eleventh Circuit specifically found that the dispute between the parties had no effect on the debtor's estate. *Id.* at 789. In contrast, here, the application of the New Restrictions were, as the Bankruptcy Judge noted, integral to the success of the Debtor's reorganization. Moreover, it wasn't the fact of the property being a part of the bankruptcy estate as it was that by adjudicating the declaratory complaint, the Bankruptcy Judge was enforcing its own order. The Eleventh Circuit has squarely held that a "bankruptcy court necessarily has power to enforce its own orders regarding its administration of the estate." *Alderwoods Group,* 682 F.3d at 969 (citations and internal quotation marks omitted). The Court finds the Bankruptcy Court had jurisdiction over the adversary proceeding for the reasons discussed above and in the Court's Opinion and Order issued March 21, 2022.

## B. State Law Issues do not Provide a Basis for Reconsideration

Appellants utilize the remainder of their motion to reargue issues that should have been or were already raised below. Motions for reconsideration "should not be used to raise arguments which could, and should, have been made before the judgment was issued," and that denial of such a motion "is especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation." *Case v. Eslinger*, 555 F.3d 1317, 1329 (11th Cir. 2009) (citation omitted).

First, Appellants argue that the interpretation and application of the Marketable Record Title Act is a matter of state law that is better left for the state court. Appellants contend that the Bankruptcy Judge "cobbled together" several different Florida statutes to legitimize the "revitalization process" under the Plan. Doc. 19 at 20. As a preliminary matter, a bankruptcy court may, and routinely does, consider matters of state law. *See In re Luongo*, 259 F.3d 323, 331 (5th Cir. 2001) ("bankruptcy courts are often called upon to apply state law in resolving bankruptcy matters"); *In re Veros Energy, LLC*, 587 B.R. 134, 156 (Bankr. N.D. Ala. 2018) ("Federal bankruptcy courts and district courts routinely interpret and apply state law."). Moreover, these are issues which could have and should have been raised by the Appellants in the bankruptcy court at the Confirmation hearings and/or on the motion to dismiss.

Next, Appellants argue that other Heather Hills' property owners successfully challenged the application of the New Restrictions to their property in the case of *Van Loan v. Heather Hills Property Owners Association*, 216 So. 3d 18 (Fla. 2d DCA 2016).

9

That case resulted in a settlement which led to the lots of the *Van Loan* plaintiffs being excluded from the Confirmation Plan. Additionally, the Appellants argue that the restrictive covenants result in a cloud on the title of their land. Again, Appellants could have and should have challenged these issues at the Confirmation hearings, of which they had notice. Appellants' efforts to challenge these issues now is not an attack on the court's jurisdiction, but rather a collateral attack on the Confirmation Order.

"The only grounds for granting" a Federal Rule of Bankruptcy Procedure 8022 motion for rehearing are "newly-discovered evidence or manifest errors of law or fact." *In re Envtl. Techs. Int'l, Inc.*, 2017 WL 3124246, at *1 (M.D. Fla. July 21, 2017) (citation omitted) (Covington, J.). Rehearing is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Id.* (citation omitted). Appellants have not proffered newly-discovered evidence, nor have they demonstrated the existence of a manifest error of law or fact. Additionally, as discussed above, the Bankruptcy Court had jurisdiction to enforce its orders. Accordingly, the motion for reconsideration is due to be denied. It is hereby

**ORDERED**:

1. Appellants' Motion for Rehearing (Doc. 19) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on March 3, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties, if any